UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL SHAFFER,

    Applicant,

v.                                        CASE NO. 8:24-cv-819-SDM-SPF

STATE OF FLORIDA,

    Respondent.
_____/

DANIEL SHAFFER,

    Applicant,

v.                                        CASE NO. 8:24-cv-917-SDM-SPF

STATE OF FLORIDA,

    Respondent.
_____/

**ORDER**

In 24-cv-819 Shaffer petitions for a "Writ of Prohibition under 2254 Section" and recognizes that he applied for the writ of habeas corpus under 28 U.S.C. § 2241 in an earlier action, specifically, Shaffer v. State of Florida, 8:24-cv-578-SDM-NHA. In 24-cv-917 Shaffer petitions for a "Writ of Certiorari § 2254" and captions his paper as a "Motion to/for Expiration of Demand of Speedy Trial/Bond Reinstatement for Instant Cased Due to its Expiration." In the present actions Shaffer requests both his immediate release and the dismissal of his charges. As he alleged in the earlier action,

Shaffer contends both that the state has violated his right to a speedy trial and that, even though new charges were dismissed for lacking probable cause, he remains detained because his bond was revoked, which revocation was based on the new (but now dismissed) charges. The alleged speedy trial violation is based on the delay in trying him for charges for which he was originally granted a bond and not based on the new (but now dismissed) charges.

     Shaffer asserted these same claims in the earlier action under Section 2241, which was dismissed (1) because Shaffer had not exhausted his state court remedies, (2) because a federal court does not have jurisdiction to enforce the alleged violation of the right to speedy trial under a state's procedural rules and the present delay in commencing trial fails to meet the threshold of a speedy trial violation under federal law, and (3) because the "abstention doctrine" under *Younger v. Harris*, 401 U.S. 37, 45 (1971), bars federal intervention into an ongoing state court proceeding. (Doc. 2 in 24-cv-578) In the latter of the present actions Shaffer discloses the earlier action but recognizes only one of the three reasons for dismissing the earlier action, specifically, the lack of exhaustion. The other two reasons justified dismissal without regard to the lack of exhaustion.

     In both present actions Shaffer purports to proceed under Section 2254, as a writ of prohibition in 24-cv-819 and as a writ of *certiorari* in 24-cv-917. Shaffer cannot proceed under Section 2254 no matter how the action is captioned. Section 2254 applies to only "a person in custody pursuant to the judgment of a State court . . . ."

Shaffer is admittedly a pre-trial detainee, not someone convicted and imprisoned under a state court judgment. The remedy for addressing the alleged violation of a pre-trial detainee's constitutional rights lies in an action under Section 2241, however, the earlier order that dismisses the earlier action explains why Shaffer cannot now proceed under Section 2241.

Consequently, the present actions lack merit (1) because Shaffer cannot proceed under Section 2254, (2) because a federal court cannot, under neither a writ of prohibition (24-cv-819) nor a writ of *certiorari* (24-cv-917), review a state court's decision, as explained in *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (explaining that a federal district court has no supervisory or appellate jurisdiction over a state court), and (3) because the state has not violated Shaffer's federally protected right to a speedy trial as was explained in the dismissal of the earlier action, no matter how Shaffer captions his paper.

The applications for the writ of prohibition (Doc. 1 in 24-cv-819) and the writ of *certiorari* (Doc. 1 in 24-cv-917) are **DENIED**. In both cases the clerk must enter a judgment against Shaffer and close the case.

## DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Shaffer is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first

issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Shaffer must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because Shaffer cannot proceed under Section 2254, Shaffer is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal in forma pauperis is **DENIED**. Shaffer must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on April 19, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE